624 So.2d 720 (1993)
THE FLORIDA BAR RE AMENDMENTS TO RULES Regulating the Florida Bar.
No. 81010.
Supreme Court of Florida.
July 1, 1993.
Rehearing Denied September 27, 1993.
John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, Alan T. Dimond, President and Patricia A. Seitz, President-elect, The Florida Bar, Miami, John A. Boggs, Director of Lawyer Regulation, The Florida Bar, Tallahassee, Barry Richard of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, Tallahassee, Frank Scruggs, Chair, Florida Supreme Court Racial and Ethnic Bias Study Commission (1989-1991) of Steel, Hector & Davis, Miami, Robin Hassler, Chair, Individual Rights and Responsibilities Committee of the Public Interest Law Section, Tallahassee, and Deborah Hardin Wagner, Executive Director, Florida Supreme Court Racial and Ethnic Bias Study Commission, Tallahassee, on behalf of The Florida Bar and members, Ralph Armstead, Robert Brochin, Thomas J. Brown, Robert A. Butterworth, Hernan Castro, Kendall Coffey, Dean Colson, John Cosgrove, Carolyn D. Cummings, Richard Davison, Jessie Dillard, George Drumming, Jr., Michael Easley, AnnaMaria O. Ellis, Cynthia A. Everett, Ellen Freiden, Mark Gallegos, Larry Hanfield, Robin Hassler, Marilyn Holifield, Carolyn Y. Howard, Calvin Johnson, Cynthia Johnson-Stacks, Darryl Jones, Arthenia Joyner, Thomas R. Julin, Joseph P. Klock, Jr., Henry Latimer, Wendy S. Leavitt, Marilyn K. Lindsey, John Marks, Larry Matthews, Vincent P. McGhee, Don Middlebrooks, Charles B. Morton, Jr., Janet T. Munn, Eugene Pettis, Alan H. Schreiber, Caryn Schwartz, Luther Smith, Harold T. Smith, Jr., Lynn Solomon, Mary Sorensen, Osvaldo N. Soto, R. Gary Spencer, Kent Spriggs, Dominique Suite-Brown, Adalberto Tosca, Robert Travis, Deborah Hardin Wagner, Shirley Walker, Chriss Walker, Emily Wheeler, Thornton Williams, Harriet Williams, Robert Woolfork and Stephen N. Zack, for joint petitioners.
Rosemary B. Wilder, Gay and Lesbian Lawyers Association, Miami, Randall C. Mumper, Pensacola, Florida; Jimmy Hatcher, Bristol, Florida; Robert J. Bertrand, Miami Lakes, Antonio Capestany, North Miami Beach, Joseph W. Little, Gainesville, Robert M. Brake, Coral Gables, Lee L. Haas, Clearwater, Eric J. Holshouser of Coffman, Coleman, Andrews & Grogan, Jacksonville, Craig G. Bulkeley, Miami; Enrique Arroyo of Arroyo & Arroyo, P.A., South Miami, Jon Larsen Shudlick, Boynton Beach, Douglas K. Silvis and Chris E. Ambrose, Thomasville, GA; Henry P. Trawick, Jr., Sarasota, Joseph C. Ferrell of Joseph C. Ferrell & Associates, Bradenton, Bertram Shapero, Palm Beach, John R. Wood of Wood & Seitl, P.A., Sarasota, T. Scott Conrad of Frank Hamilton & Associates, P.A., Tampa, Lucille M. Espey, Tavares, Nina E. Vinik, American Civil Liberties Union Foundation of Florida, Miami, George A. Bode of Bode & Associates, New Orleans, LA; Lynne Marie Kohm of Webster & Kohm, Groton, NY, and Philip Michael Cullen, III, Fort Lauderdale, for responding.
PER CURIAM.
The Florida Bar and sixty of its individual members petition this Court to amend the Rules Regulating The Florida Bar to include provisions relating to improper discrimination.[1]
The individual members[2] and the Bar jointly propose an amendment to rule 4-8.4(d), *721 relating to misconduct. The Bar also proposes the creation of a new rule, 4-8.7, relating to discrimination. As an alternative to the Bar's proposed rule 4-8.7, the individual members propose the creation of rule 4-8.4(h), relating to misconduct. We approve the amendment to rule 4-8.4(d), as modified, and the modified Comment to rule 4-8.4(d).
The rules were proposed because studies by the Florida Supreme Court Racial and Ethnic Bias Study Commission and the Florida Supreme Court Gender Bias Study Commission identified a number of problems faced by minorities and women in the legal profession. After reviewing the findings of the study commissions, both the Bar and the individual members recognized the need for specific rules prohibiting discriminatory practices by members of the Bar. A number of parties filed comments on the Bar's proposed rules following their publication in the December 1, 1992, Florida Bar News.
As Judge Benjamin Cardozo noted many years ago, "[m]embership in the bar is a privilege burdened with conditions." In re Rouss, 221 N.Y. 81, 116 N.E. 782, 783 (1917), cert. denied, 246 U.S. 661, 38 S.Ct. 332, 62 L.Ed. 927 (1918). The United States Supreme Court has noted that "[t]he interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been `officers of the court.'" In re Primus, 436 U.S. 412, 422, 98 S.Ct. 1893, 1899, 56 L.Ed.2d 417 (1978), quoting Goldfarb v. Virginia State Bar, 421 U.S. 773, 792, 95 S.Ct. 2004, 2016, 44 L.Ed.2d 572 (1975).
Lawyers, because of their unique role in administering justice, in some instances are subject to ethical constraints that can burden their constitutional rights of free speech. Gentile v. State Bar of Nevada, ___ U.S. ___, ___, 111 S.Ct. 2720, 2743, 115 L.Ed.2d 888 (1991). As the Court in Gentile noted, lawyers are key participants in our system of justice, and "the State may demand some adherence to the precepts of that system in regulating their speech as well as their conduct." Id. at ___, 111 S.Ct. at 2744. When a regulation implicates lawyers' First Amendment rights, a court must balance those rights against the state's legitimate interest in regulating the activity in question. Id. at ___, 111 S.Ct. at 2745. Restrictions are constitutional if they are designed to protect the integrity and fairness of a state's judicial system and if they impose only narrow and necessary limitations on lawyers' speech. Id.
The proposed amendment to rule 4-8.4(d) reads as follows:
A lawyer shall not:
(d) engage in conduct that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, or age;
The proposal seeks to ensure the fair administration of justice and to preserve the public's confidence in our judicial system. A judicial system cannot survive without public confidence in its evenhanded administration of justice. As officers of the court, lawyers involved in the system have a significant impact upon the public's perception of the system's objectivity. A system of justice that tolerates expressions of bias by lawyers cannot maintain public confidence in the discharge of its responsibilities to assure equal justice.
As the petitioners recognize in their proposed Comment, the proposed amendment must be limited in its application to situations involving the practice of law in order to ensure that the First Amendment rights of lawyers are not unduly burdened. Furthermore, the amendment should preclude any conduct prejudicial to the administration of justice. We emphasize that the term "disability" *722 as used in the amendment encompasses what previously has been called "handicap." The word "disability" now is the preferred term-of-art because it is more accurate and more sensitive to the concerns of persons with disabilities. See Godwin v. State, 593 So.2d 211, 214 n. 1 (Fla. 1992) (Kogan, J., concurring in part, dissenting in part). It clearly is not the intention of the Court to create a distinction between the words "disability" and "handicap," since the latter is subsumed within the former.
Accordingly, we slightly modify the proposed amendment to rule 4-8.4(d) and adopt it as follows:
A lawyer shall not:
(d) engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic;
We next turn to the proposed rules addressing discriminatory employment practices. The Florida Bar submits proposed rule 4-8.7, which provides:
If a lawyer has been adjudicated or held to have committed, in the course of the practice of law, a prohibited discriminatory practice by a final order of an agency or court of competent jurisdiction, after all appellate rights have been exhausted, such conduct shall be subject to discipline under these Rules Regulating The Florida Bar. The finding of the agency or court making the determination shall be filed by the lawyer subject thereof with the executive director of The Florida Bar within 60 days of the entry thereof, and shall be admissible as prima facie evidence of a violation of these rules.
As a substitute, the sixty individual petitioners submit proposed rule 4-8.4(h), which provides:
A lawyer shall not:
(h) discriminate in employment, partnership, or compensation decisions on the basis of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, or age.
We do not adopt either of these proposals because this Court's constitutional authority over the courts of Florida and attorney admission and discipline does not extend to the employment practices of lawyers. See Art. V, §§ 2(a), 15, Fla. Const.
There are other reasons why we reject these rules. First, federal and state statutes already provide the mechanism for addressing employment discrimination. See 42 U.S.C. § 2000e (1989); §§ 760.01-.10, Fla. Stat. (1991). Second, the proposals would apparently require the Bar to investigate employment discrimination claims without any clearcut standards of what constitutes a violation. Moreover, this role would be duplicative of that served by the Florida Commission on Human Relations. See § 760.06, Fla. Stat. (1991). Finally, the Bar has neither the expertise nor the resources to undertake the massive investigatory and disciplinary effort that would be necessary to accomplish the objectives of the proposals.
Accordingly, we approve the proposed amendment to the Rules Regulating The Florida Bar as set forth in the appendix to this opinion. The amendment shall become effective at 12:01 a.m. on January 1, 1994.
It is so ordered.
OVERTON, McDONALD, GRIMES and HARDING, JJ., concur.
BARKETT, C.J., concurs in part and dissents in part with an opinion, in which SHAW and KOGAN, JJ., concur.

APPENDIX

RULES REGULATING THE FLORIDA BAR

CHAPTER 4. RULES OF PROFESSIONAL CONDUCT

RULE 4-8.4 MISCONDUCT
A lawyer shall not:
*723 (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects;
(c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;
(d) engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic;
(e) state or imply an ability to influence improperly a government agency or official; or
(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

Comment
Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return. However, some kinds of offenses carry no such implication. Traditionally, the distinction was drawn in terms of offenses involving "moral turpitude." That concept can be construed to include offenses concerning some matters of personal morality, such as adultery and comparable offenses, that have no specific connection to fitness for the practice of law. Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, or breach of trust or serious interference with the administration of justice are in that category. A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation.
A lawyer may refuse to comply with an obligation imposed by law upon a good faith belief that no valid obligation exists. The provisions of Rule 4-1.2(d) concerning a good faith challenge to the validity, scope, meaning, or application of the law apply to challenges of legal regulation of the practice of law.
Subdivision (d) of this rule proscribes conduct that is prejudicial to the administration of justice. Such proscription includes the prohibition against discriminatory conduct committed by a lawyer while performing duties in connection with the practice of law. The proscription extends to any characteristic or status that is not relevant to the proof of any legal or factual issue in dispute. Such conduct, when directed towards litigants, jurors, witnesses, court personnel, or other lawyers, whether based on race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, physical characteristic, or any other basis, subverts the administration of justice and undermines the public's confidence in our system of justice, as well as notions of equality. This subdivision does not prohibit a lawyer from representing a client as may be permitted by applicable law, such as, by way of example, representing a client accused of committing discriminatory conduct.
Lawyers holding public office assume legal responsibilities going beyond those of other citizens. A lawyer's abuse of public office can suggest an inability to fulfill the professional role of attorney. The same is true of abuse of positions of private trust such as trustee, executor, administrator, guardian, or agent and officer, director, or manager of a corporation or other organization.
BARKETT, Chief Justice, concurring in part, dissenting in part.
I fully concur with the majority's adoption of the amendment relating to misconduct. I disagree, however, with the majority's conclusion in this case that this Court does not have jurisdiction to adopt a rule relating to lawyers' employment practices. The existing *724 rules substantially regulate the ways that lawyers do business, including lawyers' employment practices. For example, the rules regulate the sale of a law practice, dictate under what circumstances lawyers may practice law in the form of professional service corporations, prohibit lawyers from sharing fees with nonlawyers, and outline the responsibilities of supervising and subordinate lawyers. The rules also prohibit lawyers from charging excessive fees, from accepting contingency fees in certain circumstances, from soliciting clients, and from advertising in certain ways. I do not believe adopting a rule governing discriminatory employment practices is substantially different.
I would adopt rule 4-8.4(h) as proposed by the sixty individual petitioners, with the addition of a narrow exception to the prohibition against religious discrimination for lawyers who work for religious organizations or institutions. I would apply this exception only to an organization or institution whose primary purpose is religious and not commercial.
The dire consequences attached to this rule by its opponents simply do not exist. This rule would not force lawyers to hire people they do not believe are qualified or with whom they cannot work because of differing philosophies, work habits, etc. It simply means that if all qualifying factors for a position are present, one cannot refuse to hire simply because of a person's "status," a totally irrelevant consideration. This is right and we should say so.
SHAW and KOGAN, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, §§ 2(a), 15, Fla. Const.
[2] These members are: Ralph Armstead, Robert Brochin, Thomas J. Brown, Carol A. Browner, Hon. Robert A. Butterworth, Hernan Castro, Kendall Coffey, Dean Colson, John Cosgrove, Carolyn D. Cummings, Richard Davison, Jesse Dillard, George Drumming, Jr., Michael Easley, AnnaMaria O. Ellis, Cynthia A. Everett, Ellen Freiden, Mark Gallegos, Larry Hanfield, Robin Hassler, Marilyn Holifield, Carolyn Y. Howard, Calvin Johnson, Cynthia Johnson-Stacks, Darryl Jones, Arthenia Joyner, Thomas R. Julin, Joseph P. Klock, Jr., Henry Latimer, Wendy S. Leavitt, Marilyn K. Kindsey, Hon. Buddy MacKay, John Marks, Larry Matthews, Vincent P. McGhee, Don Middlebrooks, Charles B. Morton, Jr., Janet T. Munn, Eugene Pettis, Alan H. Schreiber, Caryn Schwartz, Frank Scruggs, Luther Smith, Harold T. Smith, Jr., Lynn Solomon, Mary Sorensen, Osvaldo N. Soto, R. Gary Spencer, Kent Spriggs, Dominique Suite-Brown, Adalberto Tosca, Robert Travis, Deborah Hardin Wagner, Shirley Walker, Chriss Walker, Emily Wheeler, Thornton Williams, Harriet Williams, Robert Woolfork, and Stephen N. Zack.